KUHN, J.,
On November 19, 1990, husband filed a petition for equitable relief. Despite the heading of the petition, husband was really seeking to hold wife in contempt for failing to execute an income tax withholding (W-4P) form, to be sent to United Airlines Inc., so wife’s share ($168,000) of husband’s pension plan could be distributed to her pursuant to paragraph 7 of the parties’ marriage settlement agreement dated July 21. 1988.
*581 There is no dispute that in September and October 1990, United Airlines tendered to wife the W-4P form for her to execute. Upon receipt of the form United Airlines will distribute the funds to her. It is also undisputed that wife has refused to return the form. Apparently, to the extent wife does not put these funds into another qualified retirement account, she will be taxed, and if she retains the entire amount, which she intends to do, that tax could be rather sizable (reportedly over $40,000). Wife claims she has been advised to defer all tax liability to 1991 by not returning the W-4P form until after January 1, 1991. Such logic may seem reasonable until placed in context of the parties’ situation.
As part of the marriage settlement agreement husband retained the marital home. Wife was required to vacate the home within 30 days after receipt of her share of the pension account. Since 1988, both parties have occupied the home. As can be expected the atmosphere has been less than pleasant and a protective order pursuant to the Protection From Abuse Act was entered on September 18, 1990. No divorce decree has been entered and husband is paying wife $200 per week as support. Husband wants wife out of the house immediately while wife wants to remain until 30 days after actual receipt of the pension funds. She claims she needs the money in order to move[1] and that her daughter is about to have a baby and she needs access to the marital home to care for her daughter’s other children.
The central issue for resolution is whether to issue an order directing wife to execute the W-4P form or *582 to find her in contempt. The latter requires existence of an order, the willful violation of which would expose wife to a finding of contempt.
The matter is complicated because the parties are in Bankruptcy Court (no. 1-88-00187) pursuant to a petition filed in March 1988 under Chapter 11. The marriage settlement agreement dated July 21, 1988, was approved as part of the bankruptcy plan by order of the Bankruptcy Court dated April 9, 1990. By order dated September 6, 1990, the Bankruptcy Court incorporated the marriage settlement agreement, ordered that wife receive the $168,000 share of husband’s pension, and execute such documents as are necessary and required by the pension plan administrator. The parties filed a joint motion to lift automatic stay which was granted by the Bankruptcy Court dated October 15, 1990. That order gave this court jurisdiction “to enforce the terms and provisions of the marriage settlement agreement” as to certain enumerated items, including the provisions of paragraphs 6(h), 7, and 16.[2]
*583 Title 23 P.S. §401(k) provides:
“If, at any time, a party has failed to comply . . . with the terms of an agreement as entered into between the parties, after hearing the court may, in addition to any other remedy available under this act, in order to effect compliance with its order:
“(9) find the party in contempt.”
The dilemma therefore facing the court is (1) whether the October 15, 1990 order lifting the stay and giving this court jurisdiction “to enforce the terms and provisions of the marriage settlement agreement” also included the right to enforce by our contempt powers the order of September 6, 1990, directing wife to execute the necessary documents or (2) whether under 23 P.S. §401(k) the contempt powers granted a court “to effect compliance with its order” contemplates under the circumstances of this case, the power to effect compliance with the Bankruptcy Court’s order.
As a general rule one court does not have contempt power to enforce the orders of another court. The October 15, 1990 bankruptcy order authorized this court to enforce certain provisions of the agreement but the Bankruptcy Court did not give the undersigned express authority to enforce its orders. Furthermore, it is this court’s opinion that 23 P.S. §401(k) limits use of contempt powers to effect compliance with orders of this court.
Therefore, we conclude that we cannot find wife in contempt on the basis of the November 19, 1990 petition for equitable relief. Rather, we will treat that petition as requesting the court to direct wife to *584 execute such documents as are necessaiy and required by the pension plan administrator, including form W-4P. Implicit in the agreement was the obligation on the part of both parties to execute documents necessary to carry out the terms of the agreement. Wife has breached that obligation. We are not unsympathetic to wife’s tax concerns; however, husband should not be “held hostage” until wife decides it will be in her best interest to execute the tax form. She has been expressly advised of her obligation to do so since September 1990. Therefore, we will direct wife to execute form W-4P and deliver it to husband’s counsel within seven days to be forwarded to the pension plan administrator. We do not believe wife should be rewarded for her willful delay. Therefore, we will direct wife to remove herself from the marital home within 20 days after this date if she fails to return form W-4P in a timely fashion or 30 days after husband’s counsel forwards the form to the plan administrator if wife returns the form in a timely manner.
ORDER OF COURT
And now, December 7, 1990, in consideration of the petition for equitable relief filed November 19, 1990, and hearing held thereon, the authority of this court under Bankruptcy Court order dated October 15, 1990 (1-88-00187), to enforce certain terms and provisions of the parties’ marriage settlement agreement dated July 21, 1988, and the equitable powers of this court as set forth in the Divorce Code, 23 P.S. §101 et seq., the court does hereby find that respondent, Jane C. Leonard, has breached the implied terms of said agreement to execute all documents *585 necessary to effectuate the terms thereof, specifically, her failure to execute income tax withholding form W-4P and return it to the United Airlines Inc. pension plan administrator.
It is hereby ordered and directed that respondent, Jane C. Leonard, shall execute all documents necessary to effectuate transfer of her share of petitioner’s pension to her as set forth in paragraph 7 of the marriage settlement agreement including tax form W-4P, and return the same to petitioner’s counsel within seven days of the date of mailing of this order. If wife fails to submit the document as directed herein she shall remove herself from the marital residence within 20 days of the date of mailing of this order. If respondent returns said documentation as directed herein, she shall remove herself within 30 days after petitioner’s counsel forwards the documentation to the pension plan administrator. Petitioner’s counsel shall promptly serve upon respondent and her counsel written notice of mailing to the plan administrator. Respondent may date form W-4P in a manner which delays receipt of her share of the pension, and the tax ramifications arising therefrom, until after December 31, 1990, however, such election shall not delay the provisions of this order to vacate the marital residence.
Pursuant to paragraph 23 of the marriage settlement agreement a breaching party is responsible for legal expenses incurred by the other in enforcing the agreement. Petitioner has 10 days from the date of this order to submit a statement of such expenses, if any is being requested, together with an itemized billing to the court and respondent’s counsel, whereupon the court shall enter an appropriate order.

. Wife receives, inter alia, a 70-acre farm in Randolph County, North Carolina, and $200 per week as support until a divorce decree is entered and then alimony for life in the amount of $1,000 per month.

. Paragraph 6(h) reads:
“Wife shall immediately upon execution of this agreement sign over all of her right, title, stock and interest to the following corporations and the assets of these corporations in favor of Husband, or sign a power of attorney in favor of Husband which allows him to accomplish this conversion, as well as her interest in all other marital assets [with the exception of household goods and other marital assets, which will be dealt with in subsequent paragraphs of this agreement, and as listed below], including, but not limited to, the following:. . .
“h. United Airlines pension plan and directed accounts.”
Paragraph 7 reads:
“From the United Airlines directed account, Husband shall give to Wife the sum of $168,000 and shall immediately apply to transfer to Wife said sum and shall cooperate with Wife in obtaining such court order as may be necessary.”
*583 Paragraph 16 reads:
“It is further agreed that Wife shall vacate the marital home within 30 days of the date she receives the $168,000 as set forth previously.”